# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MELVIN WOODARD,**
**D.O.C. #797250,**

    **Plaintiff,**

vs.                                                     **Case No. 4:20cv152-WS-MAF**

**E. PEREZ-LUGO, M.D., et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

    This Report and Recommendation is entered to clarify the status of this case and to recommend transfer. Plaintiff, proceeding pro se, initiated this case in late March 2020. ECF Nos. 1-2. Two Orders were entered by Magistrate Judge Charles A. Stampelos on March 26, 2020. ECF Nos. 4-5. The first Order granted Plaintiff in forma pauperis status, ECF No. 4, and the second Order directed Plaintiff to file an amended complaint by April 28, 2020, ECF No. 5. In early April, an Order was entered reassigning this case to the undersigned Magistrate Judge. ECF No. 6.

Subsequently, Plaintiff submitted a letter to the Clerk's Office, ECF No. 7, advising that he had given his amended complaint to prison officials to mail to the Court. Plaintiff indicated that his amended complaint was dated April 9, 2020, and he believed it was compliant with the prior Order. *Id.* An Order was entered on April 21, 2020, construing Plaintiff's letter as a motion for an extension of time and giving Plaintiff until May 22, 2020, in which to submit an amended complaint. ECF No. 8. Importantly, Plaintiff was also advised that although his letter was received, his amended complaint had not been. *Id.*

Just two days later, Plaintiff's first amended complaint, ECF No. 9, was received and filed. Indeed, the amended complaint was dated April 9, 2020. ECF No. 9 at 13. Prior to review of the amended complaint, Plaintiff has filed another document (which he improperly titled as an "order"), indicating that he had received the administrative order which reassigned this case, *see* ECF No. 6, and stating he would comply with the court order directing him to amend his complaint. ECF No. 10.

Because Plaintiff's amended complaint has been received, ECF No. 9, he is not <u>required</u> to submit another amended complaint unless and until ordered to do so. Such an order should not be issued by this Court,

however, because review of Plaintiff's first amended complaint reveals that Plaintiff is incarcerated at Columbia Correctional Institution. ECF No. 9 at 13. Plaintiff has now named only one Defendant, Dr. Perez, who is also located at Columbia Correctional Institution. All events alleged necessarily occurred there as well. Because the events at issue in this case and all parties are located in the Middle District of Florida, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." The Court may also raise the issue of defective venue *sua sponte*. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this

Case No. 4:20cv152-WS-MAF

action to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings, including a merits review of the first amended complaint, ECF No. 9.

**IN CHAMBERS** at Tallahassee, Florida, on May 7, 2020.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**